

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711· 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 30, 1985

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-410

Re: Whether employees of the Harris
County Pre-trial Release Agency are
state or county employees

Dear Mr. Driscoll:

You have requested our opinion with regard to two matters related
to persons employed by the Harris County pre-trial bond board, which
the county denominates the Harris County Pre-trial Release Agency
[hereinafter the "Agency"]. The first issue is whether those
individuals are state or county employees. If these individuals are
found to be county employees, the next issue is what is the rate of
pay under the Fair Labor Standards Act should be for an applicant who
is an employee of another county agency and a part-time employee for
the Agency. We first conclude, for the reasons below, that under the
circumstances currently, those individuals are employees of Harris
County. We also conclude that the county is required to comply with
section 207(a)(1) of the Fair Labor Standards Act of 1938, as amended,
when computing the rate of pay of a county employee regardless of
whether he is employed by two separate county departments or agencies.

In regard to the first issue, there is no authority within the
state of Texas to establish a personal bond office except as provided
by the state legislature. In 1973, the Sixty-third Legislature
enacted article 2372p-2, V.T.C.S., authorizing the establishment of a
personal bond office in two circumstances. An office may be
established by the commissioners court or by a judicial district. The
provision provides the following in part:

> Section 1. Any _county_, or any _judicial
> district_ with jurisdiction in more than one
> county, with the approval of the commissioners
> court of each county in the district, _may
> establish a personal bond office_ to gather and
> review information about an accused that may have
> a bearing on whether he will comply with the
> conditions of a personal bond and report its
> findings to the court before which the case is
> pending.

> Sec. 2. (a) The <u>commissioners court</u> of a
> county that establishes the office, or the
> district and county judges of a judicial district
> that establishes the office, <u>may employ a director</u>
> <u>of the office.</u>
>
> (b) The director <u>may employ the staff</u>
> <u>authorized by the commissioners court</u> of the
> county or the commissioners courts of each county
> in the judicial district if the judicial district
> includes more than one county. (Emphasis added).

V.T.C.S. art. 2372p-2, §1. The purpose of the personal bond office is
to provide the district judge with information to determine the
eligibility of accused persons for release on recognizance. <u>See</u>
V.T.C.S. art. 2372p-2, §1.

In our opinion, the intention of the legislature in enacting
section 2 was that the commissioners court would be the employer of
the director and staff of the personal bond office, if the county
established the office. <u>See</u> V.T.C.S. art. 2372p-2, §2(a). Even in
the second circumstance, where a judicial district is authorized to
establish an office, the commissioners court must give its approval of
the staff before they may be employed by the director. <u>Id.</u> §2(b).
However, the district and county judges of the judicial district that
established the office, are authorized to employ the director of the
office. <u>Id.</u> §2(a).

The Harris County commissioners court established a county
personal bond office and employed a director and staff pursuant to
article 2372p-2, V.T.C.S. In compliance with the legislative intent,
we conclude that the staff -- those persons employed by the Pre-trial
Release Agency of Harris County -- are employees of the county.

In 1975, a reorganization of the office was ordered by a federal
district judge in an effort to reduce the Harris County jail
population. It specified that the

> [o]perational control of the Harris County
> Pre-trial Release Agency is hereby transferred to
> the state District Judges of Harris County, Texas.
> The Commissioners Court retains budgetary approval
> of the agency.

<u>Alberti v. Sheriff of Harris County, Texas</u>, 406 F. Supp. 649, 674
(S.D. Tex. 1975). Your letter indicated that the Agency is funded by
Harris County as a part of the Adult Probation Department's budget and
the Agency's employees have been subject to the county's personnel
regulations. You argue that this judicial reorganization of the

Agency has caused the Agency's employees to come under the control and supervision of the state district judges and, thus, like the employees of the Adult Probation Department, they are state employees. See Code Crim. Pro. art. 42.12, §10; Clark v. Tarrant County, 608 F. Supp. 209 (N.D. Tex. 1985). We disagree with this analysis. First, the sole intent behind article 42..2 of the Code of Criminal Procedure was to place the Adult Probation Department totally within the state judiciary. See Clark v. Tarrant County, supra, at 211. Secondly, the analysis is contrary to the organizational structure contemplated by the legislature in article 2372p-2, V.T.C.S.

As indicated above, the purpose of a personal bond office organized pursuant to article 2372p-2 is to gather and review information that may have a bearing on an accused as to whether that individual will comply with the conditions of personal bond. See V.T.C.S. art. 2372p-2, §1. This information is to be reported to the court. Id. This is also the only relationship that the legislature intended to exist between the district judges and the Agency when the county commissioners have established the office. The judicial order did not alter this limited relationship. We are not authorized to review nor alter any judicial order in the opinion process; but, we can conclude that the order does not create a conflict in the relationship between the Agency employees and the commissioners court as intended by the legislature. See Attorney General Opinion JM-287 (1984). The order does not circumvent the commissioners court's employing authority as provided for in section 2 of article 2372p-2. Therefore, these individuals are employees of the county.

In regard to the second question, you inform us that Harris County is in the process of evaluating those employees subject to the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, as amended, in light of a recent United States Supreme Court decision. 29 U.S.C. §§201(1982) et seq.; see also Garcia v. San Antonio Metropolitan Transit Authority, ___ U.S. ___, 105 S.Ct. 1005 (1985). You also inform us that an employee of the Harris County Juvenile Probation Department has applied for part-time employment with the Agency. At the present time, the applicant, a county employee, works at least forty hours per week for the Juvenile Probation Department. You ask what the proper rate of pay after his forty-hour work week with the Juvenile Probation Department would be if the applicant is employed by the Agency.

The applicant is included within the Fair Labor Standards Act's definition of a covered employee. See 29 U.S.C. §203(e)(2)(C)(1982) (individual employed by a political subdivision of a state). The act makes no exception for district divisions of a political subdivision. Section 207(a)(1) of the act provides in part:

> no employer shall employ any of his employees
> . . . for a work-week longer than forty hours
> unless such employee receives compensation for his
> employment in excess of the hours above specified
> <u>at a rate not less than one and one-half times the</u>
> <u>regular rate at which he is employed</u>.   (Emphasis
> added).

29 U.S.C. §207(a)(1)(1982).  Since the applicant will at all times be employed as a county employee within a staff position, we conclude that the county must comply with section 207(a)(1) in computing his rate of pay.

## S U M M A R Y

When a county commissioners court establishes a personal bond office pursuant to article 2372p-2, V.T.C.S., those individuals employed by the office are county employees.

A county is also required to comply with section 207(a)(1) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §207(a)(1)(1982) when computing the rate of pay of a county employee regardless of whether he is employed by two separate county departments or agencies.

Very truly your

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General